IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JUAN PABLO GUTIERREZ, | :: | MOTION TO VACATE |
| Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:07-CR-0051-JEC-RGV-1 |
| UNITED STATES OF AMERICA, | :: | |
| Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:10-CV-2748-JEC-RGV |

**ORDER FOR SERVICE OF REPORT AND RECOMMENDATION**

Attached is the report and recommendation of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1) and this Court's Local Rule 72. Let the same be filed and a copy, with a copy of this order, be served upon counsel for the parties.

Each party may file written objections, if any, to the report and recommendation within fourteen (14) days after being served with a copy of it. 28 U.S.C. § 636(b)(1). Should objections be filed, they shall specify with particularity the alleged error(s) made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the district court. If no objections are filed, the report and recommendation may be adopted as the

opinion and order of the district court and any appeal of factual findings will be limited to a review for plain error or manifest injustice. United States v. Slay, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is **DIRECTED** to submit the report and recommendation with objections, if any, to the district court after expiration of the above time period.

**IT IS SO ORDERED** this 26th day of May, 2011.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| JUAN PABLO GUTIERREZ, | :: | MOTION TO VACATE |
| Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:07-CR-0051-JEC-RGV-1 |
| UNITED STATES OF AMERICA, | :: | |
| Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:10-CV-2748-JEC-RGV |

## FINAL REPORT AND RECOMMENDATION

This matter has been referred to the undersigned Magistrate Judge for consideration of movant Juan Pablo Gutierrez's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, [Doc. 335], and the Government's response thereto, [Doc. 337]. For the reasons stated below, the undersigned **RECOMMENDS** that this § 2255 motion be denied.

## I. PROCEDURAL HISTORY

A federal grand jury returned a third superseding indictment charging Gutierrez in Count One with conspiracy to possess with the intent to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii) and 846; in Count Two with conspiracy to possess with the intent to distribute at least one hundred kilograms of marijuana, in violation of §§ 841(b)(1)(B)(vii) and 846; in Count Three

with conspiracy to possess with the intent to distribute methamphetamine, in violation of §§ 841(b)(1)(C) and 846; in Count Four with possession with intent to distribute at least 5 kilograms of cocaine, in violation of § 841(b)(1)(A)(ii) and 18 U.S.C. § 2; and in Count Five with possession with the intent to distribute at least 100 kilograms of marijuana, in violation of §§ 841(b)(1)(B)(vii) and 18 U.S.C. § 2.  [Doc. 250]. Gutierrez pleaded guilty to Count Two, pursuant to a negotiated plea agreement in which the Government agreed to dismiss the remaining counts.  [Doc. 259, plea agreement].  The plea agreement provides that Gutierrez

> voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack his sentence in any post-conviction proceeding, including a § 2255 proceeding, on any ground, except that [Gutierrez] may file a direct appeal of a sentence higher than the otherwise applicable advisory sentencing guideline range.

[Id. ¶ 7]. This provision of the plea agreement further provides that Gutierrez may file a cross appeal if the Government appeals the sentence. [Id.]. Gutierrez signed the plea agreement and a separate certification section, which states in relevant part:

> I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my sentence or challenging my sentence in any post-conviction proceeding. No one has threatened or forced me to plead guilty, and no promises or inducements have been made to me other than those discussed in the Plea Agreement.

[Id. at 8-9].

At the plea hearing, Gutierrez was sworn and testified through an interpreter. [Doc. 301 at 3]. Gutierrez's counsel, David R. Mackusick, stated that he believed that Gutierrez was in the country illegally. [Id. at 5]. Gutierrez confirmed that he had not consumed any alcohol, pills, medicine, or drugs within the past twenty-four hours. [Id. at 6]. The Court explained to Gutierrez the rights he was giving up by pleading guilty, and Gutierrez stated that he understood these rights and still wished to enter a guilty plea. [Id. at 7-9]. Gutierrez acknowledged that he had signed the plea agreement after reviewing it with counsel. [Id. at 11].

Next, the prosecutor described the elements of the offense charged in Count Two and summarized what the evidence would show if the case went to trial. [Id. at 12-15]. Gutierrez agreed that the prosecutor had accurately described his involvement in the offense. [Id. at 17]. Gutierrez also stated that he understood the charge to which he was pleading guilty, had discussed his decision to plead guilty with counsel, and was satisfied with his counsel's guidance. [Id. at 16-17]. Gutierrez then admitted that he conspired with others to distribute marijuana between June 2006 and February 2007. [Id. at 17].

3

Gutierrez confirmed that no one had threatened or forced him to plead guilty and that he was doing so freely and voluntarily. [Id. at 18]. Gutierrez affirmed that he had reviewed and understood the plea agreement before signing it and that no one had promised him anything not contained therein. [Id. at 19]. The prosecutor reviewed the terms of the plea agreement, including the appeal waiver, and Gutierrez acknowledged that the prosecutor had accurately described the agreement. [Id. at 23-25].

The Court advised Gutierrez that he faced a possible maximum sentence of forty years of imprisonment and that it would have to sentence him to, at least, the five-year mandatory minimum because he was not a candidate for a safety valve reduction, and Gutierrez confirmed that he understood. [Id. at 25-28]. The Court also discussed with Gutierrez the sentencing guidelines and that the guideline recommendation is only advisory, such that the Court could impose a sentence above or below that range. [Id. at 28-30]. Gutierrez acknowledged that he understood. [Id. at 30]. The Court then reviewed the terms of the appeal waiver and its consequences, and Gutierrez affirmed that he understood the effect of the waiver. [Id. at 31-32]. Finally, Gutierrez declared that no one had promised him a particular sentence. [Id. at 32]. The Court accepted Gutierrez's plea. [Id. at 33].

4

At the April 27, 2009, sentencing hearing, the Government confirmed that Gutierrez was in the country illegally and thus, subject to deportation. [Doc. 325 at 23]. The Court found that Gutierrez's guideline range was 168 to 210 months of imprisonment and sentenced him to 168 months of imprisonment, with credit for time served since his February 14, 2007, arrest. [Id. at 30, 32-33; Doc. 316]. Gutierrez filed a direct appeal, counsel filed a brief pursuant to Anders v. California, 368 U.S. 738 (1967), and the United States Court of Appeals for the Eleventh Circuit affirmed Gutierrez's conviction and sentence on January 11, 2010. [Doc. 334].

On August 31, 2010, Gutierrez, proceeding pro se, filed the pending motion to vacate his sentence, arguing that counsel fraudulently induced him to enter a plea, despite his protestation of innocence, and was ineffective for failing to argue at sentencing that he was entitled to a downward departure under U.S.S.G. §§ 5C1.2 and 5K2.0, failing to inform him that his plea could result in his deportation, failing effectively to dispute the validity of the arrest warrant or the basis of a search executed in this case, and failing to challenge the denial of the motions to suppress on appeal. [Doc. 335 ¶ 12; Aff. at 4, 11-50]. The government responds that Gutierrez's claims are barred by his valid appeal waiver. [Doc. 337 at 3-6].

5

## II.  DISCUSSION

### A.  General Standards

A federal prisoner may file a motion to vacate his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "[T]o obtain collateral relief, a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982). An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). See Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991) (noting that, although prisoner seeking collateral relief is entitled to evidentiary hearing if relief is warranted by facts he alleges, which court must accept as true, hearing is not required if record conclusively demonstrates that no relief is warranted).

### B.  Validity of Plea and Waiver of Nonjurisdictional Defects

To succeed on a claim that a guilty plea was obtained as the result of ineffective assistance of counsel, a § 2255 movant must show that the advice he received from

6

counsel "fell below an objective standard of reasonableness" and "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 57, 59 (1985) (citations omitted). Movant has the burden of affirmatively proving prejudice. Gilreath v . Head, 234 F.3d 547, 551 (11th Cir . 2000). The Supreme Court has stated that:

> [T]he representations of the defendant, his lawyer, and the prosecutor at [a guilty plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).

The plea hearing transcript in this case reveals that Gutierrez voluntarily pleaded guilty with a full understanding of the charges and the consequences. [See Doc. 301]. Notably, Gutierrez acknowledged that no one had threatened or forced him to plead guilty or promised him a particular sentence or anything not contained in the plea agreement and that he was satisfied with counsel's guidance. [Id. at 17-19, 32]. Additionally, Gutierrez admitted his involvement in the conspiracy. [Id. at 17].

7

Gutierrez asserts that his guilty plea was involuntary because counsel failed to advise him that he could be deported, and he relies on Padilla v. Kentucky, ___ U.S. ___, 130 S. Ct. 1473, 1486 (2010), which held that counsel has a constitutional duty to "inform her client whether his plea carries a risk of deportation." [Doc. 335, Aff. at 24-25, 31-32, 50]. However, Gutierrez cannot show that counsel's alleged failure to advise him of the immigration consequences of his guilty plea would have affected his decision whether to plead guilty or proceed to trial. Gutierrez is an illegal alien, who was subject to deportation even before his guilty plea. [See Doc. 301 at 5; Doc. 325 at 23]. Thus, Gutierrez cannot establish prejudice because "his guilty plea had no bearing on his deporatability." United States v. Gutierrez-Martinez, Criminal No. 07-91(5) ADM/FLN, Civil No. 10-2553 ADM, 2010 WL 5266490, at *4 (D.Minn. Dec. 17, 2010).

Gutierrez's voluntary unconditional guilty plea waived all claims alleging nonjurisdictional defects, including the district court's refusal to suppress evidence. See United States v. Byrd, 166 F. App'x 460, 461-62 (11th Cir. 2006) (citing United States v. Patti, 337 F.3d 1317, 1320 (11th Cir. 2003) and United States v. McCoy, 477 F.2d 550, 551 (5th Cir. 1993)); see also United States v. Glinsey, 209 F.3d 386, (5th Cir. 2000) ("This [waiver of nonjurisdictional defects] includes claims of ineffective

8

assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary.")

C.     **Effect of Appeal Waiver**

"It is well-settled that sentence-appeal waivers are valid if made knowingly and voluntarily." Williams v. United States, 396 F.3d 1340, 1341 (11th Cir. 2005) (citation omitted). "[F]or a sentence-appeal waiver to be enforceable, '[t]he government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the [plea] colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver.'" Id. (citation omitted). "[A] valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes [a collateral attack upon] the sentence through a claim of ineffective assistance of counsel during sentencing." Id. at 1342.

During the plea colloquy, the Court specifically questioned Gutierrez about the appeal waiver, and it is clear that Gutierrez understood the full significance of the waiver. [Doc. 301 at 31-32]. Accordingly, the Court finds that Gutierrez voluntarily and intelligently waived his right to appeal his conviction and sentence and to pursue any other collateral post-conviction relief. The only exceptions to this waiver, i.e. a

9

Government appeal or a sentence that exceeds the guideline range as calculated by the Court, do not apply here. Thus, Gutierrez's challenge to his sentence is barred by his valid appeal waiver. See Williams, 396 F.3d at 1342.

### III. CERTIFICATE OF APPEALABILITY

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

10

AO 72A
(Rev.8/82)

Based on the foregoing discussion of Gutierrez's claims for relief, the resolution of the issues presented is not debatable by reasonable jurists, and the undersigned recommends that Gutierrez be denied a COA.

## IV.  CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that this 28 U.S.C. § 2255 motion to vacate sentence, [Doc. 335], and a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to the assigned Magistrate Judge.

**IT IS SO RECOMMENDED** this 26th day of May, 2011.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

11